## Huff v. Wolfe.

1. *Guardian and Ward.*—Agreements between a guardian and his ward fixing his compensation, though made after the ward has arrived at legal age, are to be viewed with suspicion and zealously scrutinized. It is presumed that the influence of the confidential relationship of the parties exists until final settlement and payment is made, and all transactions and dealings between them, prejudicially affecting the interest of the ward, are held to be constructively fraudulent.

2. *Guardian and Ward—Agreements Between.*—Agreements between a guardian and his ward, upon arriving at legal age, appearing to be fair and just, and not tending unduly to the benefit of the guardian, may be upheld.

3. *Evidence—Admissibility under the General Issue.*—Any evidence which tends directly to show that the plaintiff did not have a subsisting cause of action at the commencement of the suit, is admissible under the general issue.

Memorandum.—Action of assumpsit. Writ of error to the Circuit Court of Hancock County, to reverse a judgment entered by that court; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed January 30, 1893.

The opinion of the court states the cases.

G. EDMUNDS, attorney for plaintiff in error.

### DEFENDANT'S BRIEF.

The trial judge, who heard all the evidence, refused to grant a new trial. The issue being one of fact and the jury having passed upon it, this court will not disturb the judgment unless it is clearly against the weight of the evidence —unless it is clearly wrong. The Chicago & Rock Island R. R. Co. v. Crandall, 41 Ill. 234; French v. Lowry, 19 Ill. 158; Cross v. Carey, 25 Ill. 562.

A verdict will not be disturbed unless it is manifestly against the weight of the evidence; the jury are the judges of the weight the evidence is entitled to receive, and unless their verdict is clearly wrong, it will not be disturbed. Goodell v. Woodruff, 20 Ill. 192; The City of Elgin v. Rior-

dan, 21 Brad. 600; O'Brien v. Palmer, 49 Ill. 72; Howitt v. Estelle, 92 Ill. 218.

Where the evidence is conflicting and the jury are properly instructed as to the law of the case, their verdict must be regarded as settling the controverted facts. Powers v. Cavenaugh, 17 Brad. 77; Kightlinger v. Egan, 75 Ill. 141·

SHARP & BERRY BROS., O'HARRA, SCOFIELD & HARTZEL, attorneys for defendant in error.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

In March, 1890, the defendant in error, then guardian of the plaintiff in error, presented his final report as such guardian to the County Court of Hancock County, from which it appeared that the fund so held by him amounted to $1202.66, and that he had paid the same in full to his ward.

To the report was attached a receipt of the plaintiff in error, which states that she was then of legal age and had received full payment of the amount shown to be due her by the report.

The guardian did not then actually pay the money as shown by the report and receipt, but both parties agree that except the sum of $200, the amount was paid soon thereafter. The plaintiff in error brought this action of assumpsit to recover this unpaid sum of $200.

The defendant in error served as guardian of the plaintiff in error about six years, during which time he had control of her lands, rented same and made repairs and improvements thereon, collected the rents, and accounted fully therefor. During the same period of time defendant in error employed attorneys, paid them and prosecuted to a successful termination a suit for the plaintiff in error, wherein he recovered and accounted as guardian for the full sum of five hundred dollars. The defense of the defendant in error was, that prior to the presentation of his report as guardian, but after the plaintiff in error had arrived at legal age, she agreed with him that as compensation for his services as her guardian, and to reimburse him for moneys paid

for attorneys' fees, etc., about the suit prosecuted for her, he should retain out of the funds in his hands the sum of $200, and that acting upon the faith of that agreement he asked no credit in his report for commissions, or other compensation as guardian. That to settle up the guardian's account, she gave him a receipt in full, and that he soon after paid her all but the said stipulated sum of $200. A trial before a jury resulted in a verdict and judgment in favor of the defendant in error, to reverse which this writ of error was sued out. The court instructed the jury orally, by consent of the parties and to the satisfaction of both so far as we are advised. The records of the County Court show that no compensation of any kind or character was ever allowed the guardian. It is first urged that as no plea of set-off was interposed, all the evidence bearing upon the question of compensation to the guardian was improperly admitted. It does not appear that this objection was made in the trial court, and for that reason it ought not to be considered in this court. If this were not so the evidence offered tended directly to show that the plaintiff in error did not have a subsisting cause of action when the suit was instituted and was therefore admissible under the general issue. The statute provides that guardians shall be allowed such fees and compensation for their services as shall seem reasonable and just to the court. Chap. 64, Sec. 42, R. S. The amount to be so allowed should be ascertained and fixed by the court having charge of the trust.

Agreements between a guardian and his ward, fixing such compensation, though made after the ward has arrived at legal age, are to be viewed with suspicion and jealously scrutinized. It is presumed that the influence of the confidential relationship of the parties exists until full final settlement and payment has been made, and all transactions and dealings between them prejudicially affecting the interest of the ward, are held to be constructively fraudulent. If such contracts are, however, fair and just, and do not appear to tend unduly to the benefit of the guardian, they may be upheld. Whether the amount agreed upon by the parties in this case as the

proper "fees and compensation" of the guardian was fair and reasonable, was practically the sole contention presented to the jury. It was a question of fact. The evidence disclosed all the facts and circumstances necessary to its proper determination. The jury were advised by the proofs as to the nature, character, value and amount of the ward's property, received or taken into the control of the guardian; his acts and conduct in its control, preservation and management; the personal care and attention bestowed by the guardian upon the ward, and the value of the estate delivered to her upon the termination of the trust. They regarded the sum of $200 as fair compensation to the guardian. There seems to us sufficient evidence to support this conclusion.

Whether the order of the County Court approving the report is conclusive, does not arise. If such an order was made the bill of exceptions does not contain it. The plaintiff in error was content to introduce in evidence only the report and the receipts given by her. She questioned the payment, though the same was fully stated in the report and receipt. The defendant in error did not seek to shield himself behind the report, the receipt or order of the court thereupon, if such an order was made, but met the case of the plaintiff in error upon the merits. Both parties have proceeded upon the assumption that the action of the court was not conclusive.

The judgment must be and is affirmed.